**In re CONTINENTAL HOLDINGS, INC., Debtor,**

**Ralph CORDES, Plaintiff,**

v.

**CONTINENTAL HOLDINGS, INC., et al., Defendants.**

**Bankruptcy No. 92–33834. Adv. No. 93–3086.**

United States Bankruptcy Court, N.D. Ohio, W.D.

June 8, 1993.

Louis J. Yoppolo, Samuel B. Morrison, Toledo, OH, for plaintiff.

James M. Perlman, Toledo, OH, for defendant.

### OPINION AND ORDER GRANTING MOTION FOR REMAND OF REMOVED ACTION AND MOTION FOR ABSTENTION AND DISMISSAL

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter came on for hearing upon Ralph Cordes's ("Cordes") motion for remand of Adversary Proceeding No. 93–3086 to the Common Pleas Court of Wood County ("State Court") and abstention from hearing Adversary Proceeding No. 93–3069. Continental Holdings, Inc. ("Continental") requested that this Court consolidate Adversary Proceeding No. 93–3069 and Adversary Proceeding No. 93–3086. This Court finds that Cordes's motion to remand Adversary Proceeding No. 93–3086 to the State Court is well taken and should be granted. Further, this Court finds that Cordes's motion to abstain from hearing Adversary Proceeding No. 93–3069 is well taken and should be granted. Continental's motion to consolidate Adversary Proceeding No. 93–3069 and Adversary Proceeding No. 93–3086 should be dismissed as moot.

## FACTS

### ADVERSARY PROCEEDING NO. 93–3086

On April 26, 1991, Cordes filed a complaint in the State Court seeking judgment against Continental and Charles Friesner ("Friesner") on a promissory note dated December 30, 1990. The note arose from a purchase and sale agreement (the "Agreement") between Continental, as seller, and Cordes, as buyer. In the Agreement, Continental agreed to repurchase certain tooling and plans (the "Tooling") originally sold to Cordes.

Continental filed a counterclaim on June 27, 1991 (the "Counterclaim"), seeking damages for the alleged failure of Cordes to redeliver the Tooling, the alleged losses incurred by Continental in sales and marketing efforts relating to the Tooling, and the alleged harm to Continental's reputation suffered as a result of Cordes's alleged failure to redeliver the Tooling.

Cordes amended his original complaint on September 24, 1991, adding a second cause of action for damages from alleged fraudulent representations made by Continental and Friesner relating to the Agreement (the "Fraud Claim"). Cordes requested a jury trial on the Fraud Claim.

The State Court granted Cordes summary judgement against Continental and Friesner on the promissory note on March 4, 1992. Upon completion of discovery, the Fraud Claim and the Counterclaim were set for trial in December of 1992.

Continental filed a voluntary petition under Chapter 11 on October 29, 1992.

This Court granted Cordes relief from the automatic stay so that Cordes could liquidate his claims against Continental and Friesner on March 10, 1993.

On March 22, 1993, this proceeding was removed to this Court on Continental's filing of its "Notice of Removal Pursuant to Bankruptcy Rule 9027".

Cordes seeks to have this proceeding remanded to the State Court. Continental seeks to have this proceeding consolidated with Adversary Proceeding No. 93–3069 and tried to this Court.

### ADVERSARY PROCEEDING NO. 93–3069

On March 2, 1993, Continental brought this turnover action, alleging that Cordes had failed to return the Tooling. Additionally, Continental challenges the validity of the State Court judgment obtained by Cordes because of Continental's alleged right of setoff against Cordes for Cordes's alleged failure to turnover the Tooling to Continental. Cordes seeks to have this Court abstain from hearing this case.

Continental moved to have this proceeding consolidated with Adversary Proceeding No. 93–3086 on April 19, 1993.

## DISCUSSION

### ADVERSARY PROCEEDING 93–3086

 This Court may remand a proceeding to the State Court "on any equitable ground". *See* 28 U.S.C. § 1452(b). The court in *Murray v. On–Line Business Systems, Inc. (In re Revco D.S., Inc.)* listed six equitable factors which make remand to a state court appropriate. *Murray v. On–Line Business Systems, Inc. (In re Revco D.S., Inc.),* 99 B.R. 768, 776 (N.D.Ohio 1989) (citing *Baren v. Devon Bank (In re Baren),* 47 B.R. 39, 42–43 (Bankr.N.D.Ill. 1984)). These factors include:

1. duplicative and uneconomical effort of judicial resources in two forums;
2. prejudice to the involuntarily removed parties;
3. forum non conveniens;
4. a holding that a state court is better able to respond to a suit involving questions of state law;
5. comity considerations;
6. lessened possibility of an inconsistent result; and
7. the expertise of the court in which the matter was pending originally, e.g., a Court of Claims, or the United States Customs Court.

*See Murray,* 99 B.R. at 776 (citing *Baren,* 47 B.R. at 42–43).

■ This Court finds that this proceeding should be remanded to the State Court in order to prevent the duplicative and uneconomical expenditure of judicial resources in two forums, because the State Court is better able to respond to a lawsuit strictly involving issues of state law and because of comity considerations.

This Court refuses to duplicate the efforts of the State Court in adjudicating this matter. Cordes had already been granted summary judgment in State Court on his contract claim. Further, discovery had been completed on the Fraud Claim and the Counterclaim before this matter was removed to this Court.

Additionally, Cordes would likely be granted a jury trial on his Fraud Claim because the claim stated is legal in nature, determination of this action does not involve the adjudication of "public rights" and Cordes has not submitted himself to the equitable jurisdiction of this Court. *See Granfinanciera v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) (holding that there is a Seventh Amendment right to a jury trial where proceeding is legal in nature, action does not involve the adjudication of "public rights" and defendant in fraudulent transfer proceeding had not filed a claim against the estate, thereby submitting to the equitable powers of the bankruptcy court). Since the Sixth Circuit has held that bankruptcy courts are not statutorily mandated to preside over jury trials in *Rafoth v. Nat'l Union Fire Ins. Co. (In re Baker & Getty Fin. Services, Inc.)*, this proceeding would likely be transferred to the District Court which would entail a further expenditure of judicial resources before the proceeding could be tried. *Rafoth v. Nat'l Union Fire Ins. Co. (In re Baker & Getty Fin. Services, Inc.)*, 954 F.2d 1169 (6th Cir.1992).

The issues raised in this proceeding militate in favor of remanding this proceeding to the State Court. A common law fraud proceeding in the context of state contract law and a counterclaim based on state contract law should properly be decided by the State Court. Additionally, the State Court is already familiar with the particular issues involved in this case, having ruled on Cordes's motion for summary judgment in Cordes's first cause of action. The Court finds this proceeding similar to that addressed by the *Murray* court where, "it is apparent that the issues of the state action are based solely on state law and the [state court] is particularly well suited to decide those issues". *Murray*, 99 B.R. at 776.

■ Further, comity considerations dictate that "federal courts should be hesitant to exercise jurisdiction when 'state issues substantially predominate'". *Murray*, 99 B.R. at 776 (quoting *Citibank v. White Motor Corp. (In re White Motor Credit)*, 761 F.2d 270, 274 (6th Cir.1985)). Therefore, remand to the State Court under 28 U.S.C. § 1452(b) is warranted.

■ Additionally, Continental failed to attach copies of Cordes's "First Amended Complaint With Jury Demand Endorsed Thereon" and Continental's "Answer to Amended Complaint" which were filed in the State Court for this proceeding. This Court agrees with the court in *Careertrack Seminars, Inc. v. Lomasney* that a failure by the party seeking removal to submit copies of all court pleadings and process represents a "fatal defect" under Bankruptcy Rule 9027(a)(1). *Careertrack Seminars, Inc. v. Lomasney*, 150 B.R. 257, 258 (D.Colo.1992).

Therefore, this Court concludes that this proceeding should be remanded to the State Court pursuant to 28 U.S.C. § 1452(b).

## ADVERSARY PROCEEDING NO. 93-3069

■ A court may exercise discretionary abstention in a proceeding "arising under title 11 or arising in or related to a case under title 11" pursuant to 28 U.S.C. § 1334(c)(1) "in the interest of justice, or in the interest of comity with State Courts or respect for State law". 28 U.S.C. § 1334(c)(1).

The court in *In re Federated Dep't Stores, Inc.* stated that the factors a court should consider in deciding whether to exercise discretionary abstention include:

1. the effect or lack thereof on the efficient administration of the estate if a court recommends abstention,
2. the extent to which state law issues predominate over bankruptcy issues,
3. the difficulty or unsettled nature of the applicable state law,
4. the presence of a related proceeding commenced in state court or other nonbankruptcy court,
5. the jurisdictional basis, if any, other than 28 U.S.C. § 1334,
6. the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,
7. the substance rather than the form of an asserted "core" proceeding,
8. the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,
9. the burden of [this Court's] docket,
10. the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties,
11. the existence of a right to a jury trial, and
12. the presence in the proceeding of nondebtor parties. *In re Federated Dep't Stores, Inc.,* 144 B.R. 998, 1001 (Bankr.S.D.Ohio 1992) (citing *In re Republic Readers' Service, Inc.,* 81 B.R. 422, 429 (Bankr.S.D.Tex.1987)).

This Court finds that abstaining from hearing this proceeding will not delay the administration of the estate.

Further, this Court finds that the state law issues raised in this proceeding substantially predominate. This proceeding, though phrased in terms of an action for turnover and determination of liens, seeks recovery of damages for an alleged breach of contract by Cordes. Based on statements by Cordes's counsel at the hearing on these issues, Cordes does not object to a present turnover of the Tooling. However, the parties are in dispute as to who had an obligation under the Agreement for shipping the Tooling to Continental. The only disputes between the parties represent claims for breach of the Agreement. Therefore, this Court feels that the issues presented represent primarily state law issues.

Though the state law issues presented may not necessarily be "difficult" or "unsettled", this Court notes that there is still an important state interest in hearing these state contract claims.

The issues presented in this proceeding represent substantially the same issues presented in Adversary Proceeding No. 93–3086, which this Court has ruled are properly determined by the State Court.

There would be no independent jurisdictional basis for this Court to hear this action if Continental had not filed under Chapter 11.

The issues presented are not closely related to the main bankruptcy case.

Further, the substance of this proceeding, as previously noted, is a state contract action. The present proceeding is analogous to that presented in *Federated,* where the court observed that the proceeding "involve[d] a Florida lease, Florida real estate, [and] Florida law—in sum, it's a Florida fight". *Federated,* 144 B.R. at 1001. Similarly, this proceeding represents an Ohio dispute which should properly be decided in an Ohio state court.

Moreover, allowing the state law issues to proceed to judgment in the State Court with enforcement left to this Court represents a feasible alternative.

Allowing debtors to obtain a trial in the bankruptcy court merely by recharacterizing state law contract disputes, such as the instant proceeding, as proceedings for turnover and determination of liens would promote forum shopping.

In the interest of comity and efficient administration of the estate, this Court should not deprive the State Court of jurisdiction where state law provides the right to a jury trial. Important policy considerations militate in favor of preserving a state law right to a jury trial where a

proceeding involves state law issues of contract and fraud.

Lastly, the presence of a nondebtor party, Friesner, also weighs in favor of exercising discretionary abstention. Therefore, the Court will exercise discretionary abstention under 28 U.S.C. § 1334(c)(1) and dismiss this proceeding.

Accordingly, Continental's motion to consolidate Adversary No. 93–3069 and Adversary No. 93–3086 should be dismissed as moot.

In light of the foregoing, it is hereby

ORDERED that Adversary Proceeding No. 93–3086 is hereby remanded to the Common Pleas Court of Wood County for further proceedings. It is further

ORDERED that the motion of Ralph Cordes to abstain from hearing Adversary Proceeding No. 93–3069 is hereby granted and Adversary Proceeding No. 93–3069 is hereby dismissed. It is further

ORDERED that the motion of Continental Holdings, Inc. to consolidate Adversary Proceeding No. 93–3069 and Adversary Proceeding No. 93–3086 is hereby dismissed as moot.